UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA      :     <u>INFORMATION</u>

    - v. -                :     11 Cr. _____ ( )

ONEIL DOUGLAS,           : **11 CRIM 319**
    a/k/a "Smash,"

                       :

        Defendant.

                       :

- - - - - - - - - - - - - - - - - x

<u>JUDGE CASTEL</u>

## <u>COUNT ONE</u>

The United States Attorney charges:

1. In or about October 2006, in the Southern District of New York and elsewhere, ONEIL DOUGLAS, a/k/a "Smash," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, DOUGLAS agreed with co-conspirators not named as defendants herein to rob marijuana at gunpoint from a drug dealer in the vicinity of 550 West 158th Street, New York, New York.

(Title 18, United States Code, Section 1951.)



USDC SDNY
DOCUM...
ELECTR...
DOC #:
DATE FILE... 4/4/...

The United States Attorney further charges:

2. On or about October 11, 2006, in the Southern District of New York, ONEIL DOUGLAS, a/k/a "Smash," the defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery conspiracy charged in Count One of this Information, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, a co-conspirator not named as a defendant herein shot and killed D'Angelo Jordan, a/k/a "Dio," in the vicinity of 550 West 158th Street, New York, New York, during the course of the robbery conspiracy charged in Count One.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

COUNT THREE

The United States Attorney further charges:

3. On or about August 16, 2002, in the Southern District of New York, ONEIL DOUGLAS, a/k/a "Smash," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to use and cause another to use a facility of interstate

2

and foreign commerce, with intent that a murder be committed in violation of the laws of any State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value, to wit, DOUGLAS agreed with co-conspirators not named as defendants herein to kill Amilka Elized Sanchez in exchange for United States currency, which arrangements depended in part upon communications through a facility of interstate commerce, and which resulted in Sanchez's death.

(Title 18, United States Code, Sections 1958 and 2.)

<u>COUNT FOUR</u>

The United States Attorney further charges:

4.    On or about October 23, 2002, in the Southern District of New York, ONEIL DOUGLAS, a/k/a "Smash," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to use and cause another to use a facility of interstate and foreign commerce, with intent that a murder be committed in violation of the laws of any State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value, to wit, DOUGLAS agreed with co-conspirators not named as defendants herein to kill Isaac Murray, a/k/a "Ike," in exchange for United States currency, which arrangements depended in part upon communications

3

through a facility of interstate commerce, and which resulted in Murray's death.

(Title 18, United States Code, Sections 1958 and 2.)

COUNT FIVE

The United States Attorney further charges:

5. From at least in or about the mid-1990s, up to and including on or about June 6, 2007, in the Southern District of New York and elsewhere, ONEIL DOUGLAS, a/k/a "Smash," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

6. It was a part and an object of the conspiracy that ONEIL DOUGLAS, a/k/a "Smash," the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

7. The controlled substances involved in the offense were (a) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code; and (b) less than 50 kilograms of mixtures and substances containing a detectable amount of marijuana, in violation of Sections 812, 841(a)(1), and

4

841(b)(1)(D) of Title 21, United States Code.

(Title 21, United States Code, Section 846.)

## FORFEITURE ALLEGATIONS

8. As the result of committing the robbery offense in violation of Title 18, United States Code, Section 1951, alleged in Count One of this Information, ONEIL DOUGLAS, a/k/a "Smash," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, for which the defendant is jointly and severally liable, including but not limited to a sum in United States currency representing the amount of proceeds obtained as a result of the offense.

9. As a result of committing the controlled substance offense in violation of Title 21, United States Code, Section 846, alleged in Count Five of this Information, ONEIL DOUGLAS, a/k/a "Smash," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense, for which the defendant is jointly and severally liable, including but not limited to a sum in United States currency representing the amount of proceeds

5

obtained as a result of the offense.

Substitute Asset Provision

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982;<br>Title 28, United States Code, Section 2461; and<br>Title 21, United States Code, Section 853.)

PREET BHARARA
United States Attorney

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ONEIL DOUGLAS,

Defendant.

**INFORMATION**

11 Cr. _____ (PKC)

(18 U.S.C. §§ 2, 924(j)(1), 1951,
and 1958; 21 U.S.C. § 846)

PREET BHARARA
United States Attorney.

*Filed 4-4-11*

*J. Castel*
*7N*